UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tonya Marie Jackson, | ) | C/A No. 4:14-1285-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Walmart Loss Prevention Employees, Hartsville, | ) | |
| South Carolina Store #1135, and | ) | |
| Walmart Stores Inc, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court.

**BACKGROUND**

Tonya Marie Jackson ("Plaintiff") complains that a loss-prevention employee at her local Walmart Store in Hartsville, South Carolina harasses, stalks, and unreasonably conducts surveillance on her each time she goes into the store. She states that the employee's actions violate her "rights by interfering with the privilege and enjoyment of shopping at Walmart . . . ." Compl. 4, ECF No. 1. Plaintiff asserts that this activity by the employee does not "afford me my Civil Rights" and amounts to a "violation of Federally Protected Activities." *Id*. Plaintiff does not reference any specific federal statute or constitutional provision as having been violated by the Walmart employee. Plaintiff states that the employee's actions have caused her personal injury and asks that this court grant her $ 1 million in compensatory and punitive damages. *Id*. at 4-5.

## <u>INITIAL REVIEW</u>

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under

2

this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

## DISCUSSION

In order for this court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction, *see Sosna v. Iowa*, 419 U.S. 393, 398 (1975). The court's obligation to examine its own subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.

The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading. First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties and an amount in controversy in excess of $75,000.00:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─

> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when she filed his Complaint, Plaintiff and one of the Defendants (the Walmart loss prevention employee in Hartsville, South Carolina) are residents of South Carolina. Even though Plaintiff's requested relief would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy, the amount in controversy is irrelevant in the absence of diversity of citizenship.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a plausible claim that would be cognizable under this court's federal question jurisdiction. Conclusory allegations without supporting factual allegations are not sufficient to permit this court to liberally construe any federal cause of

action." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). Even though Plaintiff alleges that the Walmart loss-prevention employee violated her "federal rights" and "civil rights," she fails to state what specific "rights" she violated. As a result, her allegations fail to adequately state a plausible claim cognizable under federal question jurisdiction.

Moreover, even if the court were able to liberally construe Plaintiff's vague allegations as a potentially plausible claim based on undisclosed federal constitutional or statutory violations under 42 U.S.C. § 1983[1] or § 1981, or § 2000a[2] and, therefore, within the court's federal question jurisdiction, the absence of allegations of either state action or racial or other class-based discrimination in connection with the violations would still require summary dismissal of the Complaint under review. Insofar as a claim for damages under § 1983 in concerned, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983;

---

[1]A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[2] When sufficient supporting facts are alleged, §§ 1981 and 2000a may be used as bases for federal legal claims against private organizations or individuals involved in interstate commerce for racial or other class-based discrimination against citizens attempting to use the accommodations provided by the organization or individual. *See, e.g.*, *Gennell v. Denny's Corp.*, 378 F. Supp. 2d 551 (D. Md. 2005); *Lloyd v. Waffle House, Inc.*, 347 F. Supp. 2d 249 (W.D.N.C. 2004); *Wilkins v. Denamerica Corp.*, No. 1:99CV102–T, 2001 WL 1019698 (W.D.N.C. May 5, 2001).

5

*Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Whether a private individual's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974).

Both Walmart, the corporation, and its loss-prevention employee are private individuals or entities, and there are no allegations showing that either Defendant did anything that could be construed as "state action" in connection with the shopper surveillance of which Plaintiff complains. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, which is generally the most common federal statutory provision under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). As a result, to the extent that Plaintiff's allegations, could be liberally construed as an attempt to state a claim for damages under § 1983, the Complaint under review would be subject to summary dismissal for failure to state a plausible claim under that statute.

Also, insofar as §§ 1981 and 2000a are concerned, "[i]t is well settled that an action based upon 42 U.S.C. Section 1981 requires the plaintiff to demonstrate that the defendants intentionally discriminated against her on the basis of race." *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 69 (6th Cir. 1985) (citing *General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982); *Memphis v. Greene*, 451 U.S. 100 (1981)). The Fourth

6

Circuit Court of Appeals has held that to pursue a § 1981 claim, the plaintiff must prove that the defendant "intended to discriminate [against the Plaintiff] on the basis of [his] race and/or sex, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). Also, a plaintiff attempting to state a claim for injunctive and/or declaratory relief under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a,[3] must allege some form of "class-based discrimination," even though it does not necessarily have to be racial in nature. *See U. S. by Katzenbach v. Gulf-State Theaters, Inc.*, 256 F. Supp. 549, 552 (D. Miss. 1966) ("The Civil Rights Act . . . is directed toward discrimination against certain classes of persons when those classes are determined on the basis of race, color, religion, or national origin."); *see also Rosado Maysonet v. Solis*, 409 F. Supp. 576, 580 (D.P.R. 1975) ("This subchapter is directed at discrimination on the ground of race, color, religion or national origin."); *Nanez v. Ritger*, 304 F. Supp. 354, 356 (E.D. Wis.1969) ("This section applies to any acts of invidious discrimination in place of public accommodation and is not limited to discrimination on grounds of race, color, religion or national origin.").

As Plaintiff's allegations contain no facts showing any type of racial or class-based discrimination by either Walmart or its loss-prevention employee, no plausible claim for damages under § 1981, or for any other form of relief under § 2000a, is stated by the allegations under review. No other potential basis for the court's exercise of either federal question or diversity jurisdiction is evident on the face of the pleading, and the Complaint under review should be summarily dismissed without being served on either Defendant.

---

[3] Section 2000a of Title 42 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

Finally, although federal courts faced with claims that fall within the courts' federal question jurisdiction have discretion to decide pendent state law claims if the federal and state claims arise out of a common nucleus of operative fact, "[i]f the federal  claims are dismissed before trial . . . the state claim[s] should be dismissed as well." *Webb v. McCullough*, 828 F.2d 1151, 1160 (6th Cir. 1987); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Because Plaintiff fails to state any plausible claims falling within this federal court's limited jurisdiction, the court cannot exercise supplemental jurisdiction to consider any state-law-based claims that are arguably stated by the Complaint allegations. By dismissing the Complaint under review without prejudice, this court will allow Plaintiff to pursue her remedies for any personal-injury claims based on state law arguably alleged in the Complaint in an appropriate state forum should she choose to do so.

## **RECOMMENDATION**

Accordingly, it is recommended that the Complaint in this case be dismissed *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

May 12, 2014                                    Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).