IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION          2014 JUL -3 P 2: 28

| | |
|---|---|
| Tonya Marie Jackson, ) | C/A No.: 4:14-1285-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| ) | |
| vs. ) | |
| ) | |
| Walmart Loss Prevention Employees, ) | |
| Hartsville, South Carolina Store #1135, and ) | |
| Walmart Stores, Inc, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss the Plaintiff's complaint without prejudice. (Dkt. No. 16). For the reasons set forth below, the Court ADOPTS the R & R as the order of the Court and DISMISSES this action.

## Background

Plaintiff, Tonya Marie Jackson, alleges that when she shops at her local Walmart Store in Hartsville, South Carolina, she is harassed, stalked, and under the surveillance of a loss-prevention employee. (Dkt. No. 1 at 4). As a result, Plaintiff asserts that this employee interferes with her "Civil Rights" and violates her "Federally Protected Activities." (*Id.*). However, the Plaintiff does not assert that any particular statute or constitutional provision has been violated. (*See* Dkt. No. 1.). Plaintiff further asserts that she has been personally injured as a result of the employee's actions and is asking for compensatory and punitive damages in the

amount of $1 million. (*Id.* at 4-5). The Magistrate Judge recommended dismissing this action for lack of subject matter jurisdiction. (Dkt. No. 16). Plaintiff has not filed any objections.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

The Court agrees with the Magistrate Judge that the claims against Defendants Walmart Loss Prevention Employees, Hartsville, South Carolina Store #1135 and Walmart Stores, Inc. should be dismissed. Plaintiff does not allege any federal constitutional or statutory violations that would potentially comprise plausible claims under 42 U.S.C. § 1983, § 1981, or § 2000a, and for the reasons stated in the R & R, Plaintiff's allegations do not otherwise fall within the scope of federal question jurisdiction. Because both Plaintiff and one of the Defendants are residents of South Carolina, diversity jurisdiction does not exist.

2

## Conclusion

Therefore, the District Court **ADOPTS** the Magistrate Judge's R & R, (Dkt. No. 16), as the order of the Court. Accordingly, this action is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**

_____
Richard Mark Gergel
United States District Court Judge

July 3, 2014
Charleston, South Carolina

3